UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                     Case No: 8:21-cr-0053-KKM-TGW

ANGELA M. ERISMAN,

    Defendant.
_____

## ORDER

    After pleading guilty to several counts of Wire Fraud and one count of Access Device Fraud, (Doc. 5; Doc. 15), the Court sentenced Angela Erisman to five years of probation, with the mandatory special condition of home confinement for the first twelve months, (Doc. 33 at 3, 5).

    To date, Erisman has complied with these conditions. She now requests that the Court terminate the remainder of her home confinement period (approximately five months). (Doc. 36 (a letter addressed to the undersigned but construed and docketed as a motion for early termination of home confinement).) As a basis, she notes her remorse for the conduct underlying her convictions, her diligent compliance with her Probation Officer's instructions and with all attending responsibilities of the conditions of probation,

and her payment of the special assessment and restitution. (*Id.*) The United States does not oppose the requested reduction in the condition of home confinement. (Doc. 38.)

The Court has discretion to "modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation," 18 U.S.C. § 3563, if it complies with the Federal Rules of Criminal Procedure. The Court sees no reason to alter the conditions of probation at this time.

The Court considered all the relevant § 3553(a) factors when imposing the original sentence. It granted Erisman a significant downward variance, in large part due to her unusual familial obligations. She cites no unforeseen burden or changed circumstances that warrant a reduction of the term of home confinement. Erisman's compliance with her sentence is laudable, but it is not an independent reason to terminate a portion of that sentence. On the other hand, violating a sentence counsels in favor of modifying the conditions of probation to account for a defendant's non-compliance. Because the Court denies the motion and leaves the original sentence intact, it need not hold a hearing to resolve Erisman's request. *See* Fed. R. Crim. P. 32.1(c)(1).

Accordingly, the Court **DENIES without prejudice** Erisman's construed motion for an early termination of home confinement. The Clerk is directed to mail a copy of this order to the return address listed on Erisman's motion.

**ORDERED** in Tampa, Florida, on February 23, 2022.

*[Signature: Kathryn Kimball Mizelle]*

Kathryn Kimball Mizelle
United States District Judge